# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-00074 |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT, | ) | |
| OFFICER KINSEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a filing by *pro se* Plaintiff Anthony C. Martin that the Court has deemed to be a motion to compel, seeking "any transmission tapes or transcripts of communications among the arresting officers and any internal investigation files prepared in response to his allegations". (Docket # 22, 23). In response (Docket # 24), Defendants assert that they do not have "Anthony Martin's Complaint to Internal Affairs and any findings or notes, including interviews conducted by Internal Affairs" and that they "have diligently been working on obtaining any and all dispatch and radio communications pertaining to the incident alleged in the plaintiff's Complaint . . . . [and] will provide the plaintiff with said communications upon receipt of same."[1] (Defs.' Resp. Br. 2.)

The Court cannot order Defendants to produce documents that are not in their "possession, custody, or control". *See, e.g.*, *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992). Therefore, Plaintiff's motion to compel will be DENIED.

---

[1] Plaintiff filed the identical motion to compel (Docket # 30) in *Martin v. Fort Wayne Police Dept.*, Case No. 1:09-cv-48 (N.D. Ind. filed Feb. 20, 2009). The Court has considered the arguments set forth in Plaintiff's reply brief in that case (Docket # 35) to apply here as well.

Nonetheless, since Defendants claim that they have fully responded to Plaintiff's request for production of documents, Plaintiff is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); *see also* Jay E. Grening & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2d ed. 2002).

Accordingly, Defendants are ORDERED to cause an affidavit to be filed, (1) stating that after diligent search there are no responsive documents in their possession, custody, or control, other than those previously produced,[2] *Fishel*, 175 F.R.D. at 531; *see also Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing their efforts to locate documents responsive to the requests at issue in Plaintiff's motion to compel. *See Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991). The affidavit must fulfill these two requirements for the two document requests that Plaintiff claims have not been satisfactorily answered, that is, Request Nos. 4 and 5. Of course, Federal Rule of Civil Procedure 26(e)(1) requires that Defendants supplement or correct their discovery responses in a timely manner if they learn that they are incomplete or incorrect.

For the foregoing reasons, Plaintiff's motion to compel (Docket # 22) is DENIED.

SO ORDERED. Enter for this 15th day of October, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

_____

[2] The Court expects Defendants to set forth this language specifically in its affidavit, rather than a variation thereof.