# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:09-CV-00074 |
| | ) |
| FORT WAYNE POLICE DEPARTMENT, | ) |
| OFFICER KINSEY, et al., | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 civil rights case is a motion to compel (Docket # 33) filed by *pro se* Plaintiff Anthony C. Martin, requesting that the Court order Defendants to more fully respond to his Second Request for Production of Documents B, C, E, F, and H. In a separate filing (Docket # 39), Martin also asks the Court to sanction Defendants for their purported non-compliance with his discovery requests. While Martin filed a reply to the motion for sanctions (Docket # 42)[1], he failed to do so with respect to his motion to compel and the time to do so has since passed. For the following reasons, Martin's motion to compel will be GRANTED IN PART and DENIED IN PART, and his motion for sanctions will be DENIED.

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ." For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v.*

---

[1] On May 11, 2010, Martin filed what the Court deems to be a reply to the motion for sanctions. (Docket # 41.) This document, however, was actually docketed as a new motion to compel, which the Court now DEEMS MOOT.

*Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*.

Request B. Martin's Request B reads as follows: "Provide all databases, networks, INCI, or information references that the [FWPD] uses on a day to day bas[i]s if required[,] what officers are restricted, or who has access." Defendants objected to this request on the grounds that it is unintelligible, overly broad, and seeks confidential information that is irrelevant. Martin conclusorily asserts that this information is relevant in determining FWPD's policies and practices.

Martin's request, to the extent it is understandable, is overly broad and not calculated to lead to the discovery of admissible evidence. This case involves a rather straightforward Fourth Amendment claim of unlawful search of a vehicle and therefore, the relevancy of FWPD's confidential computer information or how it would lead to other admissible evidence is not readily apparent. Furthermore, any relevancy of this information is outweighed by the potential harm and burden to Defendants in disclosing this confidential information. Therefore, Martin's motion to compel with respect to this evidence is DENIED.

Request C. Martin's Request C states: "Provide all the information obtaining [sic] to the Department[s']s Internal Affairs, Dept. Union, or the City's independent contractors communications log, how data is collected[,] transferred or stored, and polic[i]es, time frames, or time limits on destruction of said forth documents." Defendants again contend that this request

2

is unintelligible, overly broad, and seeks confidential information that is irrelevant. Martin asserts conclusorily that this information is "more than relevant to this case". (Pl.'s Mot. to Compel 2.)

Like Request B, Martin's Request C is overly broad and not calculated to lead to the discovery of admissible evidence. Defendants already provided the Daily Activity Reports for the Defendant Officers in this case in response to another request. Therefore, the relevancy, if any, of FWPD's entire "communications log" and policies related thereto is outweighed by the potential harm and burden to Defendants. Martin's motion to compel with respect to Request C is DENIED.

Request E. Martin's Request E reads: "Provide all records, complaints, write ups, or grievances[] ever filed against the mentioned officers on the case prior to or since . . . 3/20/09." Defendants objected to this request on "privacy principles" and state that it is neither relevant nor calculated to lead to the discovery of admissible evidence. Martin again merely asserts that this information is "more than relevant to this case." (Pl.'s Mot. to Compel 2.)

Martin's argument with respect to Request E is more persuasive. "Numerous courts have held that the . . . complaint histories of defendant officers are relevant in [§] 1983 actions involving police misconduct . . . ." *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004); *see, e.g., Bond v. Utreras*, No. 04 C 2617, 2006 WL 695447, at *3-4 (N.D. Ill. Mar. 10, 2006); *Leplianka v. Vill. of Franklin Park*, No. 03 C 2991, 2004 WL 626830, at *1 (N.D. Ill. Mar. 26, 2004). This information is particularly relevant where, like here, a plaintiff seeks punitive damages. *See Scaife v. Boenne*, 191 F.R.D. 590, 595 (N.D. Ind. 2000) (explaining that past complaint records of defendant officers may be relevant in a § 1983

Fourth Amendment claim where the plaintiff names a municipality as a defendant or where he seeks punitive damages).

Because the requested documents are primarily relevant to punitive damages, Martin's request to compel them will be moot in the event the Court grants any summary judgment motion in Defendants' favor. Therefore, Defendants need not produce the documents at this juncture. However, if a summary judgment motion is denied by the Court or if Defendants opt not to file such a motion by the appropriate deadline, the documents must be produced to Martin at that time in their redacted form.[2] Prior to such disclosure, Defendants may renew their request for an *in camera* inspection or protective order. Therefore, the motion to compel with respect to Request E is GRANTED in accordance with these terms.

Request F. Martin's Request F reads: "Provide the policies or procedures a Fort Wayne Police officer must follow while conducting a vehicle search while an infant is present and the drivers in custody or detained what are the steps take taken to ensure infants safety [sic]." Defendants objected to this request, asserting that it is vague and ambiguous. Nonetheless, they further responded that "how the situation is handled is based on the circumstances that are presented to the officer", stating that "[i]f a suspect is arrested, a child will either be taken to a relative or Child Protective Services." (Defs.' Resp. Ex. B.)

While Martin's request may be relevant to his unreasonable search claim, it appears from Defendants' response that they do not have any policies or procedures responsive to Martin's

---

[2] To mitigate Defendants' privacy concerns, Defendants are directed to redact irrelevant, personal information contained in these documents, such as home addresses, telephone numbers, social security numbers, insurance and benefit information, or family member information, prior to disclosing them to Martin. *See Bond*, 2006 WL 695447, at *3-4.

request.  The Court cannot order Defendants to produce documents that are not in their "possession, custody, or control".  *See, e.g.*, *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992).  Martin, however, is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); *see also* JAY E. GRENING & JEFFREY S. KINSLER, HANDBOOK OF FEDERAL CIVIL DISCOVERY AND DISCLOSURE § 9.40 (2d ed. 2002).

Accordingly, Defendants are ORDERED to cause an affidavit to be filed with respect to Request F, (1) stating that after diligent search there are no responsive documents in their possession, custody, or control, other than those previously produced, *Fishel*, 175 F.R.D. at 531; *see also Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing their efforts to locate documents responsive to the requests at issue in Martin's motion to compel. *See Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991).

Request H.  Martin's Request H reads: "The vehicles driven by the officers on 3/20/09 had the capability to record audio and video why wasn't this recorded and policies relating to the use of video and audio recordings during a traffic stop of this nature or security of the officer [sic]."  Defendants objected to this request on the grounds that it is unintelligible, vague, and outside the scope of a request for production of documents, but nonetheless still produced the FWPD mobile audio and video recording equipment policy that was in effect at the time of the incident.  Therefore, Defendants have sufficiently answered this production request to the extent it is understandable, and Martin's motion to compel with respect to Request H is DENIED.

5

Request to Re-Open Discovery. Martin also asks the Court in his motion to compel to "enlarge" the scope of discovery in this case because "it will reveal the continuing unprofessional and vindictive behavior shown by the [D]efendants . . . " (Pl.'s Mot. to Compel 2.) The discovery period, however, closed as of December 15, 2009, and Martin has not established good cause to re-open discovery. Therefore, his request will be DENIED. *See Winters v. Fru-Con Inc.*, 498 F.3d 734, 743 (7th Cir. 2007) (acknowledging that the decision whether to grant a motion to reopen discovery rests within the sound discretion of the court); *Ty, Inc. v. Publ'ns Int'l,* No. 99 C 5565, 2003 WL 21294667, at *6 (N.D. Ill. June 4, 2003) (denying a request to reopen discovery when a party offered no reasonable explanation for its failure to take adequate discovery during the discovery period).

Motion for Sanctions. As to Martin's motion for sanctions (Docket # 39), it too will be denied. Martin conclusorily claims, among other things, that Defendants have "stalled" with complying with his discovery requests. To the extent Martin is suggesting that Defendants should be sanctioned for responding to his discovery requests with objections, his assertion is unfounded. *See* Fed. R. Civ. P. 33 (stating that the responding party must serve its answers *and any objections* within thirty days after being served with the interrogatories). Defendants have never, to date, failed to comply with a Court order, and "an order is a prerequisite to imposing a sanction for discovery abuse." *Employers Ins. of Wausau v. Titan Int'l, Inc*., 400 F.3d 486, 490 (7th Cir. 2005) (citing Fed. R. Civ. P. 37(b)(2)). Therefore, Martin's request for sanctions against Defendants under Federal Rule of Civil Procedure 37 will be DENIED.

In sum, Martin's motion to compel (Docket # 33) is GRANTED IN PART in that Defendants are ORDERED to respond to Request E in accordance with the terms set forth herein

6

and produce the affidavit for Request F on or before June 30, 2010; the motion to compel is otherwise DENIED. Martin's motion for sanctions (Docket # 39) is DENIED, and the additional motion to compel reflected on the docket (Docket # 41) is DEEMED MOOT.

SO ORDERED.

Enter for this 15th day of June, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge