UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CV-74-TLS |
| | ) | |
| FORT WAYNE POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On July 1, 2011, the Plaintiff filed a Motion to Reconsider [ECF No. 62]. The Defendants responded [ECF No. 63] that the Plaintiff's filing does not meet the deadline under Federal Rule of Civil Procedure 59(e), that it does not satisfy the requirements of Federal Rule of Civil Procedure 60(b), and thus it should be denied. For the reasons discussed below, the Court agrees.

The Court notes that the Plaintiff's Motion states it is filed for the purpose of objecting to this Court's previous order, stating claims for the record, and preserving a future right to appeal. (Mot. to Reconsider 1, ECF No. 62.) As none of these reasons states an appropriate basis for relief, the Court could deny the Plaintiff's Motion accordingly. However, for completeness, the Court will address the substance of the Plaintiff's claim.

On February 28, 2011, this Court dismissed Defendant Fort Wayne Police Department with prejudice from this cause because under an analysis of Indiana law the municipal police department is not susceptible to suit under 42 U.S.C. § 1983. (Opinion & Order 10–11, ECF No. 57.)

The Plaintiff's Motion is styled as follows: Rule 46 of the F.R.C.P Plaintiff's Objecting to Ruling/Order Plaintiff's Request for the Court to Reconsider, Resurrect, or Reinstate Plaintiff's "Municipality" Claims. Because the Court will look to the substance, not the label, of a pro se filing to determine its character, *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004), the Court will examine the Plaintiff's Motion as a motion for reconsideration. Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *See United States v. Roth*, No. 10 Misc. 001, 2010 WL 1541343, at*2 (E.D. Wis. Apr. 19, 2010); *see also Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (discussing the differences between Rule 59(e) and Rule 60(b)). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion for reconsideration should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009) (citing *Kunik v. Racine Cty., Wis.*, 106 F.3d 168, 173 (7th Cir. 1997)). However, when a motion otherwise appropriate for consideration under Rule 59(e) is not timely filed, it "automatically becomes a Rule 60(b) motion." *Kiswani*, 584 F.3d at 743 (quoting *Talano v. Nw. Med. Faculty Found. Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)). Rule 60(b) allows a collateral attack on a judgment, requiring a party to "raise a new ground for setting aside the judgment," meaning "something that could not have been used to obtain a reversal by means of a direct appeal." *Id.* Absent any new argument, a motion under Rule 60(b) must be denied. *Id.*

The judgment upon which the Plaintiff apparently requests reconsideration was entered on February 28, 2011. The Plaintiff's Motion was filed on July 1, 2011—more than 28 days after

the entry of judgment. The Plaintiff's Motion is untimely under Rule 59(e), and accordingly the Court will consider it under Rule 60(b).

The Plaintiff's Motion contains no arguments that were not previously raised. The Plaintiff offers arguments about the substance of a claim against the Fort Wayne Police Department. The Plaintiff previously made those arguments when the Court was considering the summary judgment motion. The Plaintiff makes those arguments again in the matter presently before the Court. But the Plaintiff still does not point the Court to any authority showing that the Fort Wayne Police Department is independently susceptible to suit under 42 U.S.C. § 1983. Accordingly, the Plaintiff has not raised any grounds for granting a collateral attack on the judgment under Rule 60(b).

Because the Plaintiff's Motion is untimely under Rule 59(e) and fails to state a basis for relief under Rule 60(b), the Plaintiff's Motion to Reconsider [ECF No. 62] is DENIED.

SO ORDERED on October 13, 2011.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT